Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 3822 | DATE | 10/21/2004 |
| CASE TITLE | STRENK vs. TYCO | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Motion (5-1) to dismiss is granted in part and denied in part. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 2 8 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 9 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| DW | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

JAMES J. STRENK,

Plaintiff,

v.

TYCO DEFERRED COMPENSATION
PLAN, ADMINISTRATIVE COMMITTEE
OF THE TYCO DEFERRED
COMPENSATION PLAN, TME
MANAGEMENT CORP., TYCO
INTERNATIONAL LTD. and ALLIED
TUBE & CONDUIT CORP.,

Defendants.

DOCKETED
OCT 28 2004

No. 04 C 3822
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

On June 4, 2004, Plaintiff James J. Strenk filed suit alleging that Defendant Tyco Deferred Compensation Plan ("Plan"), pursuant to a decision made by Defendant Administrative Committee of the Tyco Deferred Compensation Plan ("Committee"), wrongfully refused to waive penalties for early withdrawal under the deferred compensation plan's "unforeseeable financial emergency" provision. The deferred compensation plan is administered by the Committee and is sponsored by Defendants TME Management Corp. ("TME"), Tyco International Ltd. ("Tyco"), and Allied Tube & Conduit Corp. ("Allied"). In this suit, Plaintiff is seeking the money withheld from his account balance to pay the early withdrawal penalties plus any resulting interest.

The Committee, TME, Tyco, and Allied (the "non-Plan Defendants") have moved to dismiss all counts of the Complaint against them arguing that the Plan is the only permissible defendant under § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974

("ERISA"). See 29 U.S.C. § 1132(a)(1)(B). The Seventh Circuit has repeatedly held that "ERISA permits suits to recover benefits only against the Plan as an entity." *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 872 n.4 (7th Cir. 2001) (quoting *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir. 1996); See Also *Mein v. Carus Corp.*, 241 F.3d 581 (7th Cir. 2001); *Garratt v. Knowles*, 245 F.3d 941, 949 (7th Cir. 2001). Although this rule is generally enforced, courts have made exceptions in cases where the plaintiff is seeking equitable relief, the employer is alleged to be the plan administrator and agent for service purposes, and the employer and the plan are closely intertwined. *Penrose v. Hartford Life & Accident Ins. Co.*, 2003 U.S. Dist. LEXIS 13497 at *9 (N.D. Ill. Aug. 4, 2003).

Only the exception made for an "intertwined" non-plan defendant is applicable here. The strongest case for naming a non-plan defendant exists for the Committee, which is the body responsible for administering the deferred compensation plan. Under the plan, the Committee has the authority to resolve and did actually resolve Plaintiff's questions concerning interpretation of the deferred compensation plan. See P. Ex. A, §12.1. The Committee is also authorized to make any payments directed by court order in which the Plan or the Committee has been named as a party. See P. Ex. A. §16.41. Since the Committee has been actively involved with the decision making processes within the deferred compensation plan, I find it has become adequately intertwined with the Plan to justify naming the Committee as a defendant in this case. *See Mein,* 241 F.3d at 585; *Penrose,* 2003 U.S. Dist LEXIS 13497 at *15.

The case for naming Plaintiff's former employer, Allied, as a defendant is minimal at best. Plaintiff does not allege that Allied was substantively involved with the deferred compensation plan's daily administration and decision making processes. Plaintiff alleges only

2

that Allied withheld compensation from his paychecks. This sort of minimal administrative involvement with the deferred compensation plan does not create grounds for naming Allied as a defendant. Equally weak is the argument for naming Tyco and TME as defendants. Tyco and TME merely provide the funds for payment in accordance with decisions made by the Plan and the Committee. Tyco's and TME's responsibilities are not such that they substantively involve either entity with the Plan or the Committee. Furthermore, it does not appear from the pleadings that a direct action against Tyco and TME would be necessary since there is no indication that the Plan is underfunded or that the Plan will refuse to pay a judgment properly awarded by this court.

For these reasons, the non-Plan Defendants' Motion to Dismiss is GRANTED as to Allied, Tyco and TME and is DENIED as to the Committee.

ENTER:

James B. Zagel
United States District Judge

DATE: 21 Oct 2004